IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK KRAUSE,<br>    Petitioner<br><br>v.<br><br>COMMONWEALTH OF<br>PENNSYLVANIA,<br>    Respondent | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:     No. 1:21-cv-1225<br><br>    (Judge Rambo) |

## MEMORANDUM

On July 12, 2021, *pro se* Petitioner Mark Krause ("Petitioner"), who is currently incarcerated at the State Correctional Institution Smithfield ("SCI Smithfield") in Huntingdon, Pennsylvania, initiated the above-captioned action by filing what the Court has construed to be a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (Doc. No. 1.) Petitioner has both filed a motion for leave to proceed *in forma pauperis* (Doc. No. 4) and paid the requisite filing fee. For the following reasons, the Court will deny as moot Petitioner's motion for leave to proceed *in forma pauperis* (Doc. No. 4) and dismiss his § 2241 petition.

---

[1] Petitioner's sister, Jane Krause, submitted the petition on Petitioner's behalf. Petitioner indicates that his sister has power of attorney for him. (Doc. No. 1 at 5.) To the extent Petitioner seeks to have his sister represent him, "a power of attorney is insufficient by itself to allow a non-lawyer to litigate on behalf of another." *Yoder v. Dist. Att'y Montgomery Cty.*, 790 F. App'x 478, 481 (3d Cir. 2019). The Court, therefore, will direct the Clerk of Court to amend the docket to reflect Petitioner's current place of incarceration as his address, rather than his sister's address in Camp Hill, Pennsylvania.

I.  **BACKGROUND**

On May 11, 2021, in the Court of Common Pleas for Schuylkill County, Pennsylvania, Petitioner pled *nolo contendere* to two (2) charges of arson endangering property—reckless endangerment of inhabited buildings, unlawful restraint/serious bodily injury, and simple assault. *See Commonwealth v. Krause*, Docket No. CP-54-CR-0000134-2021 (Schuylkill Cty. C.C.P).[2] That same day, the court sentenced Petitioner to an aggregate sentence of a minimum of twelve (12) months and a maximum of twenty-four (14) months of incarceration, to be followed by a period of probation. *Id.*

Prior to Petitioner's conviction, his bail was set at $50,000.00, and he posted bail on April 30, 2021. *Id.* On May 26, 2021, the Commonwealth filed a motion to retain Petitioner's bail deposit to be applied to his restitution, fees, fines, and costs. *Id.* Petitioner filed a response to the motion on June 7, 2021. *Id.* The trial court held a hearing on the matter on July 14, 2021 and granted the Commonwealth's motion. *Id.* The docket reflects that $572.25 of Petitioner's bail money was retained whereas $3,927.75 was refunded. *Id.* In his § 2241 petition, Petitioner seeks a return of his bail, asserting that under the Pennsylvania rules, "once a defendant's

---

[2] The Court takes judicial notice of the docket in Petitioner's state court proceedings. *See Wilson v. McVey*, 579 F. Supp. 2d 685, 688 (M.D. Pa. 2008).

sentencing is finalized a percentage of the bail is returned." (Doc. No. 1 at 1.) Petitioner appears to seek the return of $1,877.25 of his bail money. (*Id.* at 2.)

## II. DISCUSSION

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b). *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Section 2241 authorizes a federal court to issue a writ of habeas corpus to a detainee who "is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241. Habeas corpus is appropriate when the petitioner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Here, however, Petitioner is not seeking release from custody; accordingly, he cannot rely upon § 2241 to assert his claims.

However, even if Petitioner could rely upon § 2241, the case or controversy requirement of Article III requires that parties continue to have a "personal stake in the outcome of the lawsuit." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990); *see also Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Therefore, a case should be dismissed as moot where "developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief." *Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001) (quoting *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996)). As noted *supra*, Petitioner has already received the relief he seeks because the state court has returned $3,927.75 from his bail money to him. Because Petitioner has received the relief he seeks, there remains no legal injury for this Court to remedy.[3]

---

[3] Petitioner also references 42 U.S.C. § 1983 and "mandamus" in his petition. (Doc. No. 1.) To the extent Petitioner seeks a writ of mandamus against state officials, federal courts lack authority to issue such writs. *See Veneri v. State Corr. Institution: Laurel Highlands*, No. 21-cv-304, 2021 WL 847165, at *2 (E.D. Pa. Mar. 5, 2021).

Petitioner appears to assert that the alleged refusal to return his bail violated his Fourteenth Amendment right to due process. It would be futile, however, to construe Petitioner's petition as a § 1983 complaint. Neither negligent nor intentional deprivations of property by state officials give rise to a due process violation if state law provides adequate post-deprivation remedies. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) (negligent acts of officials causing unintentional loss of property do not violate due process); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional deprivation of property does not violate due process if meaningful post–deprivation remedy for loss is available). Pennsylvania state law plainly provided Petitioner with an adequate remedy, as he received the relief he seeks from the state court.

4

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding initiated pursuant to 28 U.S.C. § 2241. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the case at bar, jurists of reason would not find the disposition of this case debatable. Accordingly, the Court will not issue a COA in this case.

### IV. CONCLUSION

Based on the foregoing, Petitioner's motion for leave to proceed *in forma pauperis* (Doc. No. 4) will be denied as moot, his petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241 (Doc. No. 1) will be dismissed, and a COA will not issue. An appropriate Order follows.

s/ Sylvia H. Rambo<br>
United States District Judge

Dated: August 3, 2021